UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| BIOBELE GEORGEWILL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:24-cv-00400-TRM-SKL |
| ) | |
| CMH HOMES, INC., d/b/a Clayton Homes ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

This case is filed pro se and without prepayment of fees by Plaintiff Biobele Georgewill ("Plaintiff"). Plaintiff has filed a complaint [Doc. 2], a motion to proceed *in forma pauperis* ("IFP") [Doc. 1], a motion for a temporary restraining order ("TRO"), and a motion requesting that this case proceed "directly to trial" [Doc. 4]. She also submitted additional documentation related to the various pending motions [Doc. 9]. For the reasons stated below, I **RECOMMEND** this case be dismissed pursuant to 28 U.S.C. § 1915(e), and Plaintiff's IFP motion, motion for a TRO, and motion to proceed to trial all be denied as moot.

### I. STANDARDS

A litigant may commence a civil action in federal court without paying the administrative costs of the lawsuit, when the litigant demonstrates he is unable to pay court costs and fees. 28 U.S.C. § 1915(a). A district court may, however, dismiss such a complaint if it is frivolous, it fails to state a claim upon which relief can be granted, or it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *see Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

The standard required by § 1915(e)(2) to properly state a claim for which relief can be granted is the same standard required by Federal Rule of Civil Procedure 12(b)(6). *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008); *accord Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). To avoid dismissal under Rule 12(b)(6), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint need not state "detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). However, it must contain more than mere "labels and conclusions, . . . a formulaic recitation of the elements," or "naked assertions . . . without further factual enhancement." *Id.* at 555, 557 (citations omitted). Rather, a complaint must contain sufficient facts to "state a claim to relief that is plausible on its face." *Id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 556). Stated differently, "the court must be able to draw a 'reasonable inference that the defendant is liable for the misconduct alleged.'" *KSR Int'l Co. v. Delphi Auto. Sys.,* 523 F. App'x 357, 358-59 (6th Cir. 2013) (quoting *Iqbal,* 556 U.S. at 678).

A "frivolous" claim, subject to dismissal under § 1915(e)(2)(B)(i), is one that is based on "an indisputably meritless legal theory," or on allegations of "infringement of a legal interest which clearly does not exist." *Neitzke*, 490 U.S. at 327. Such claims are described as "clearly baseless," "fanciful," "fantastic," or "delusional." *Id.* at 327-28.

In applying these standards, the Court also considers that the pleadings of *pro se* litigants are to be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, pro se plaintiffs must abide by "basic pleading standards," and the role of the court is not to "conjure allegations on a litigant's behalf." *Martin v. Overton*, 391 F.3d 710,

714 (6th Cir. 2004) (internal quotation marks and citations omitted). "[P]ro se litigants are not relieved of the duty to develop claims with an appropriate degree of specificity." *Kafele v. Lerner, Sampson, Rothfuss, L.P.A*, 161 F. App'x 487, 491 (6th Cir. 2005).

Finally, federal courts are courts of limited jurisdiction. When presented with a case, federal courts "presume" they lack jurisdiction until the party asserting jurisdiction demonstrates otherwise. *Renne v. Geary*, 501 U.S. 312, 316 (1991) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 (1986)). Further, if at any time the Court determines it lacks subject matter jurisdiction, the Court "must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## II. ANALYSIS

According to Plaintiff's complaint, this case relates to the purchase and installation of a mobile home. Plaintiff alleges the parties performed under an oral contract for several months without issue. At some point Defendant presented a written contract for Plaintiff to sign, which Plaintiff alleges "introduced new clauses, including an arbitration clause, that were never discussed." [Doc. 2 at Page ID # 15]. Plaintiff signed the contract, but she alleges Defendant did not (or at least did not at that time).

Eventually, the relationship between the parties soured due to Defendant's alleged "failure to install the home in accordance with the agreed site plan." [*Id.*]. Plaintiff filed suit in the McMinn County Circuit Court, and Defendant moved to stay the case and compel arbitration. In support of its motion, Defendant produced a copy of the written contract that had been signed by both parties. Plaintiff objected that the signed contract was "forged," and she asked the McMinn County Court to order a "forensic investigation into its authenticity." [*Id.* at Page ID # 16]. The court denied Plaintiff's request, and it appears the court granted Defendant's motion to compel arbitration, as Plaintiff alleges, the court "allowed the altered document to influence its decision, ultimately resulting in a ruling against Plaintiff." [*Id.*].

3

In the instant case, Plaintiff alleges her due process rights under the 14th Amendment to the United States Constitution were violated during the McMinn County proceedings. She claims she was "deprived of a fair hearing, as the judgment was based on forged and misleading evidence." [*Id.* at Page ID # 12]. For relief, she asks the Court to "void the fraudulent judgment" issued against her in McMinn County case, order the forensic examination of the allegedly forged contract (at Defendant's expense), and enjoin Defendant from relying on the allegedly forged contract to compel arbitration or in any other legal proceedings. [*Id.* at Page ID # 13, 18-19]. She also seeks $800,000 in damages "for reputational harm, time and resources spent addressing the altered document submission, financial hardship, and other related damages;" punitive damages; court costs; and a declaration that Defendant "engaged in misconduct by submitting an altered contract as valid evidence, misrepresenting the terms of the agreement, and attempting to compel arbitration under false pretenses." [*Id.* at Page ID # 18-19].

I find Plaintiff's complaint must be dismissed pursuant to the *Rooker-Feldman* doctrine. The doctrine "bars district courts from hearing both challenges to state court judgments and claims that are inextricably intertwined with state court judgments." *Hood v. Keller*, 341 F.3d 593, 597 (6th Cir. 2003) (citation and quotation marks omitted)). Its purpose is to prevent "a party losing in state court . . . from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Tropf v. Fid. Nat'l Title Ins. Co.*, 289 F.3d 929, 936-37 (6th Cir. 2002). "In practice this means that when granting relief on the federal claim would imply that the state-court judgment on the other issues was incorrect, federal courts do not have jurisdiction." *Pieper v. Am. Arbitration Ass'n*, 336 F.3d 458, 460 (6th Cir.2003). In determining whether the doctrine applies, federal courts "cannot simply compare the issues involved in the state-court

4

proceeding to those raised in the federal-court plaintiff's complaint, but instead must pay close attention to the relief sought by the federal-court plaintiff." *Hood*, 341 F.3d at 597 (cleaned up).

Here, Plaintiff's entire claim and all forms of relief she seeks are clearly "inextricably intertwined" with the McMinn County Court judgment,[1] as they are all "predicated upon a conviction that the state court was wrong." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25 (1987) (Marshall, J., concurring) ("Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment."). She does not, for example, make a "general challenge to the constitutionality of the state law applied in the state action." *Hood*, 341 F.3d at 597 (holding *Rooker-Feldman* did not apply to a federal plaintiff's post-state-court-conviction challenge to constitutionality of state law permit requirement, where federal plaintiff did not seek to overturn or invalidate the state-court conviction). Instead, she claims the McMinn County Court's decision violated her constitutional rights because it was premised on a forged document and therefore incorrect. In her motion requesting that this case proceed directly to trial, she even refers to the McMinn County Court as the "lower court" [*see* Doc. 4]. As a result, *Rooker-Feldman* prevents this Court from asserting jurisdiction over Plaintiff's claim. Furthermore, given the nature of her claim and the relief she seeks, I find it would be futile and a waste of the Court's resources to grant Plaintiff leave to amend her complaint so that she could attempt to state a claim over which this Court has jurisdiction. *See Aumueller v. Ottawa Cnty. 58th Dist. Court*, No. 1:07-

---

[1] The record does not appear to contain the actual judgment from the McMinn County Court, although in her filings, Plaintiff repeatedly refers to a "judgment" rendered against her. I note Defendant's motion to compel arbitration in the McMinn County case sought to stay the case pending the results of the arbitration, rather than dismissal. Whether a final judgment was entered does not change my analysis, as the Sixth Circuit has made clear: "Under *Rooker-Feldman* . . . federal district courts don't have jurisdiction over appeals of interlocutory state-court orders." *RLR Inv., LLC v. City of Pigeon Forge*, 4 F.4th 380, 396 (6th Cir. 2021).

5

CV-1171, 2008 WL 52479, at *1-2 (W.D. Mich. Jan. 2, 2008) (dismissing case without leave to amend based on application of *Rooker-Feldman*).

Finally, because Plaintiff's claim cannot be salvaged, the other pending motions should be denied as moot, and this case should be dismissed and closed.

## III. CONCLUSION

For the reasons set forth above, I **RECOMMEND**[2] this case be **DISMISSED** and closed, and Plaintiff's IFP motion [Doc. 1], motion for TRO [Doc. 3], and motion seeking to proceed directly to trial [Doc. 4] be **DENIED AS MOOT**, with no filing fee assessed against Plaintiff.

ENTER:

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

---

[2] Any objections to this report and recommendation must be served and filed within 14 days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).