# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | | |
|---|---|---|
| BIOBELE GEORGEWILL, | ) | |
| | ) | Case No. 1:24-cv-400 |
| *Plaintiff*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Michael J. Dumitru |
| CMH HOMES, INC., | ) | |
| | ) | |
| *Defendant*. | ) | |

## ORDER

Plaintiff Biobele Georgewill initiated this action on December 31, 2024, by filing a complaint (Doc. 2), a motion for leave to proceed *in forma pauperis* (Doc. 1), a motion for temporary restraining order (Doc. 3), and a motion to proceed directly to trial (Doc. 4). On January 6, 2025, United States Magistrate Judge Susan K. Lee entered a report and recommendation, pursuant to 28 U.S.C. § 1915, recommending that the Court dismiss this case under the *Rooker-Feldman* doctrine, and that it deny Plaintiff's other motions as moot. (Doc. 10.) On January 13, 2025, Plaintiff filed additional motions, primarily arguing that the Court should overrule Magistrate Judge Lee's report and recommendation to the extent it recommends dismissing this action. (*See* Docs. 11, 12, 13.)

The Court must conduct a *de novo* review of those portions of the report and recommendation to which objections are made and may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1). Although the Court is required to engage in a *de novo* review of specific objections, if the objections merely restate the arguments asserted in Plaintiff's earlier motion, which were addressed by the

magistrate judge's report and recommendation, the Court may deem those objections waived. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Id.* The Sixth Circuit has also explained:

> A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.

*Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *see also Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object.").

In this case, after conducting a *de novo* review of the record, the Court agrees with Magistrate Judge Lee's well-reasoned conclusion that the Court should dismiss this action under the *Rooker-Feldman* doctrine. Pursuant to 28 U.S.C. § 1257(a), "[f]inal judgments . . . rendered by the highest court of a State . . . may be reviewed by the Supreme Court by writ of certiorari . . . ." "The *Rooker–Feldman* doctrine is based on the negative inference that, if appellate court review of such state judgments is vested in the Supreme Court, then it follows that such review may not be had in the lower federal courts." *Lawrence v. Welch*, 531 F.3d 364, 368 (6th Cir. 2008) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283–84 (2005)). As

summarized by the Supreme Court, the *Rooker-Feldman* doctrine operates to bar "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon*, 544 U.S. at 284. The pertinent inquiry in determining whether *Rooker-Feldman* operates to deprive a district court of subject matter jurisdiction "is whether the 'source of the injury' upon which plaintiff bases his federal claim is the state court judgment." *Lawrence*, 531 F.3d at 368. "If the source of the injury is the state court decision, then the *Rooker–Feldman* doctrine would prevent the district court from asserting jurisdiction." *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006).

In this case, the *Rooker-Feldman* doctrine bars Plaintiff's claims in this case because it is clear that the source of her alleged injuries is the underlying state-court judgment. Indeed, Plaintiff's complaint requests that the Court "void the fraudulent judgment" entered against her in state court, order a forensic examination of documents presented to the state court, and issue an injunction to prevent Defendant from compelling arbitration ordered by the state court. Such requested relief demonstrates that the source of Plaintiff's alleged injuries is the state-court judgment, and, as a result, the Court lacks jurisdiction to decide Plaintiff's claims under the *Rooker-Feldman* doctrine.

The Court, therefore, agrees with Magistrate Judge Lee's well-reasoned conclusions, and, accordingly, **OVERRULES** Plaintiff's objections (Docs. 11, 12, 13) to the report and recommendation and **ACCEPTS** and **ADOPTS** the report and recommendation (Doc. 10). This action is hereby **DISMISSED WITH PREJUDICE**. Plaintiff's other motions (Docs. 1, 3, 4) are **DENIED AS MOOT**.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH
UNITED STATES DISTRICT JUDGE**